Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | HARRY D. LEINENWEBER | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 1230 | **DATE** | 6/12/2012 |
| **CASE TITLE** | Keyond Davis (#413459) vs. U.S. Marshals, et al. | | |

**DOCKET ENTRY TEXT:**

Having considered the petitioner's belated response to the show cause order, the court remains satisfied that it cannot entertain the claims raised. The court has no jurisdiction to review the validity of an expired conviction, regarding which the petitioner never exhausted state court remedies. Accordingly, the case remains closed.

■ **[For further details see text below.]**   Docketing to mail notices.

## STATEMENT

Keyond Davis, currently an inmate in the custody of the Kankakee Juvenile Detention Center, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner challenges his 1997 conviction for armed robbery on the ground that he was improperly charged and sentenced as an adult.

By Minute Order of March 5, 2012, the court granted the petitioner's motion for leave to proceed *in forma pauperis* but ordered him to show good cause in writing why the petition should not be dismissed as procedurally defaulted or, in the alternative, as time-barred. On April 20, 2012, the court dismissed the case in light of the petitioner's failure to respond; however, the court subsequently granted the petitioner's request for an extension of time. *See* Minute Order of May 11, 2012. Having considered the petitioner's response, the court remains satisfied that the petition was summarily dismissed on initial review, both for the above-stated reasons and on the basis that the 1997 sentence has been discharged.

First, the petitioner admittedly failed to exhaust state court remedies. As the court previously advised him, an inmate who seeks to challenge a state conviction under 28 U.S.C. § 2254 must exhaust his state court remedies as to all his claims prior to seeking federal habeas review. *See Rose v. Lundy*, 455 U.S. 509 (1982). "Fair presentment . . . requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings." *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). Here, the petitioner concedes that he never pursued either a direct appeal or collateral proceedings in the state court system.
**(CONTINUED)**

mjm

In addition, the federal habeas petition is untimely. Under the Antiterrorism and Effective Death Penalty Act of 1996, "a 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The one year runs from the latest of several dates, including: (1) the date on which the conviction became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. *Id.* "The time period during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not count toward any period of limitation. . . ." 28 U.S.C. § 2244(d)(2). The petitioner's conviction was "final" in 1997 because he made no effort in state court to invalidate it. As the petitioner waited until 2012, some fifteen years later, to file his federal habeas petition, the limitations period for seeking federal habeas review has expired.

Although the petitioner attributes his failure to exhaust to "illiteracies in the law" (*see* response, p. 2), his professed lack of legal expertise is insufficient to constitute "good cause." "Simple ignorance of the law in this regard . . . does not excuse late filing. . . ." *U.S. ex rel. Strong v. Gaetz*, No. 07 C 0435, 2009 WL 3060267, *1 (N.D. Ill. Sep. 21, 2009) (Kennelly, J.) (citing *Arrieta v. Battaglia*, 461 F.3d 861, 867 (7th Cir. 2006) ("Mistakes of law or ignorance of proper legal procedures are not extraordinary circumstances warranting invocation of the doctrine of equitable tolling."); *see also U.S. ex rel. Carmichael v. McCann*, No. 07 C 6884, 2009 WL 35289, *4 (N.D. Ill. Jan. 6, 2009) ("[T]he Seventh Circuit has repeatedly held that similar claims regarding poor legal advice, lack of access to relevant materials, and ignorance of the law do not justify equitable tolling") (collecting cases). The petitioner's procedural default precludes federal review of his claims.

Finally, the court has no jurisdiction because the petitioner does not meet the "in custody" requirement with respect to the prior conviction being challenged. *See, e.g., Martin v. Deuth*, 298 F.3d 669, 671 (7th Cir. 2002); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). The petitioner's seven-year sentence expired, at the latest, in 2003, over eight years ago; his current pretrial incarceration is irrelevant for purposes of examining the 1997 conviction.

For the foregoing reasons, the case remains closed.